UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

05 - 10013

| | |
|---|---|
| U.S TRUST COMPANY, N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc Employees' MDT Retirement Plan, | |
| Plaintiff, | Civil Action No. |
| v. | |
| KARL P. FAGANS, and GARY BECK, | |
| Defendants. | |

MAGISTRATE JUDGE _____

RECEIPT # _____
AMOUNT $ 50
SUMMONS ISSUED ye
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK _____
DATE _____

## COMPLAINT

### Introduction.

1.     This is an action by the plaintiff trustee and plan administrator of an employee

retirement plan governed by the Employment Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1001, *et seq.* to compel defendant plan participants Karl P. Fagans and Gary Beck to

return inadvertent overpayments of retirement benefits made to them.  Overpayments of plan

benefits were made to the defendants and a number of other plan participants.  When the

overpayments were discovered, plaintiff made demand of participants who received excess

distributions, including defendants, to return the overpayments.  Other participants who received

excess distributions of benefits returned the excess distributions.  Defendants, despite repeated

demands that they do so, have failed and refused to return the excess distributions that in good

conscience belong to the plan and other plan participants.

### Jurisdiction and Venue.

2.     This Court has jurisdiction over the subject matter of this ERISA claim for

equitable relief under 29 U.S.C. § 1132(a)(3) pursuant to 29 U.S.C. § 1132(e)(1).

3.    This Court has personal jurisdiction over the defendants because the plan in question specifies that its situs shall be Cambridge, Massachusetts and because defendants' participation in the plan and their entitlement to benefits under the plan arises out of their employment with the plan sponsor Arthur D. Little, Inc. (Arthur D. Little"), a Massachusetts corporation that at all relevant times had a principal place of business in Cambridge, Massachusetts and that conducted its business operations, including administration of the plan, in this District.

4.    Venue is proper in this District pursuant to 29 U.S.C. § 1132(e)(2) because the plan in question is administered in this District.

### The Parties.

5.    Plaintiff U.S. Trust Company, N.A. ("U.S. Trust") is a wholly owned subsidiary of U.S. Trust Corporation and has a place of business at 225 Franklin Street, Boston, Massachusetts. U.S. Trust is the duly appointed Trustee and Plan Administrator of the Arthur D. Little, Inc Employees' MDT Retirement Plan (the "Plan").

6.    Defendant Karl P. Fagans ("Fagans") is an individual who on information and belief resides at 104 Connecticut Drive, Chocowinity, North Carolina. Fagans is a former employee of Arthur D. Little and a participant who received benefits under the Plan, including overpayments that are the subject of this action.

7.    Defendant Gary Beck ("Beck") is an individual who upon information and belief resides at 2928 Oakwood Lane, Torrance, California. Beck is a former employee of Arthur D. Little and a participant who received benefits under the Plan, including overpayments that are the subject of this action.

2

**Factual Allegations.**

8.     The Plan is an ERISA governed defined contribution, profit-sharing retirement plan established by Arthur D. Little. Employees of Arthur D. Little became eligible to participate in the Plan upon attainment of age 21 and completion of one year of service with the company. The Memorial Drive Trust ("MDT") holds the assets of the Plan. Plan participants or members are entitled to receive vested benefits in the form of a lump-sum distribution ("Lump Sum Payments"), periodic installment payments ("Periodic Payments"), an annuity, or a combination of all three upon the normal retirement age of 65 or if they have reached age 55 and are no longer employed by the company.

9.     On or about February 5, 2002, Arthur D. Little filed for protection under Chapter 11 of the United States Bankruptcy Code. On or about February 14, 2003, the United States Bankruptcy Court for the District of Massachusetts confirmed a plan of liquidation.

10.    On or about May 10, 2002, U.S. Trust was appointed the successor to the prior trustees of MDT. Effective on or about July 8, 2002, U.S. Trust was appointed Plan Administrator and in that capacity assumed responsibility for the custody, investment and operation of the Plan and MDT.

11.    In its capacity as Trustee and Plan Administrator, U.S. Trust discovered that excess benefit distributions have been made to a number of Plan participants, including Fagans and Beck.

12.    Fagans received excess distributions in the total amount of $43,434.32.

13.    Beck received excess distributions in the total amount of $62,204.74.

14.    As a general matter, the overpayments to plan participants resulted because distributions were made based on prior periodic valuations of plan assets and did not reflect the

3

current, *i.e.*, time of distribution, value of the participant's account. In the case of Beck, he received in January 2002 a Lump Sum Payment of $155,423,93 that did not include substantial 2001 investment losses that had not yet been posted to his account and thus constituted an overpayment of $62,204.74.

15.    In Fagan's case, the overpayment resulted from the inadvertent payment of two $25,000.00 Periodic Payments in July 2001 and January 2002 that should never have been made because Fagans had received Lump Sum Payments in 2001 for most of the value of his account (leaving a balance of only $6,565.68). He therefore should not have received the two additional Periodic Payments, but only the $6,565.68 remaining in his account after the Lump Sum Payments.

16.    Upon learning of the overpayments to a number of plan participants, U.S. Trust made written demand for reimbursement from all participants who received the overpayments. Only Beck and Fagans have failed and refused to remedy the overpayments by returning distributions that rightfully belong to the Plan and other participants.

**COUNT I**
**(For Recovery of Plan Overpayments Pursuant to 29 U.S.C. § 1132(a)(3))**

17.    U.S. Trust realleges and incorporates the allegations contained in paragraphs 1 through 16 of this Complaint.

18.    The Plan overpayments made to Fagans and Beck belong in good conscience to the Plan and the other plan participants.

19.    The failure and refusal of Fagans and Beck to return the overpayments upon demand by U.S. Trust was improper and resulted in Fagans and Beck retaining funds to which they have no entitlement.

4

20.    Equity requires that the overpayments made to Fagans and Beck be returned to the Plan.

## COUNT II
## (Common Law Restitution)

21.    U.S. Trust realleges and incorporates the allegations contained in paragraphs 1 through 20 of this Complaint.

22.    The Plan overpayments made to Fagans and Beck belong in good conscience to the Plan and the other plan participants.

23.    The failure and refusal of Fagans and Beck to return the overpayments upon demand by U.S. Trust was improper and resulted in Fagans and Beck retaining funds to which they have no entitlement.

24.    Equity requires that the overpayments made to Fagans and Beck be returned to the Plan.

### Prayer for Relief.

WHEREFORE, U.S. Trust requests that the Court:

1.    Enjoin Fagans and Beck preliminarily and permanently from refusing to return overpayments made by the Plan and held by them;

2.    Order Fagans and Beck to return overpayments made by the Plan and held by them;

3.    Award to U.S. Trust, as Trustee and Plan Administrator of the Plan, damages resulting from the failure and refusal of Fagans and Beck to return overpayments made by the Plan and held by them;

4.    Award to U.S. Trust its costs and attorneys' fees pursuant to 29 U.S.C. § 1132(g)

5.    Award to U.S. Trust prejudgment interest; and

6.    Award such other relief as is just and proper.

U.S. TRUST U.S TRUST
COMPANY, N.A.,

By its attorneys,

Joseph F. Hardcastle (BBO# 559479)
Cintra S. Shober (BBO # 560120)
HARDCASTLE & SHOBER
141 Tremont Street, 3rd Floor
Boston, MA  02111
(617) 423-9990

January 3, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.  Title of case (name of first party on each side only)   U.S. TRUST COMPANY, N.A. v. KARL P. FAGANS ET AL.

2.  Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See
    local rule 40.1(a)(1)).

    [ ]   I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    [X]   II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,      *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

    [ ]   III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

    [ ]   IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

    [ ]   V.      150, 152, 153.

    05 - 10013 REK

3.  Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in
    this district please indicate the title and number of the first filed case in this court.

    None.

4.  Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                                                        YES [ ]    NO [X]

5.  Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
    28 USC §2403)

                                                                                        YES [ ]    NO [X]

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                                                        YES [ ]    NO [ ]

6.  Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                                                        YES [ ]    NO [X]

7.  Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of
    Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule
    40.1(d)).

                                                                                        YES [X]    NO [ ]

    A.    If yes, in which division do all of the non-governmental parties reside?

          Eastern Division [X]         Central Division [ ]              Western Division [ ]

    B.    If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
          agencies, residing in Massachusetts reside?

          Eastern Division [ ]         Central Division [ ]              Western Division [ ]

8.  If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
    yes, submit a separate sheet identifying the motions)

                                                                                        YES [ ]    NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   Joseph F. Hardcastle, Cintra S. Shober
ADDRESS   Hardcastle & Shober, 141 Tremont Street, Boston, MA   02111
TELEPHONE NO.   (617) 423-9990

(Coversheetlocal.wpd - 10/17/02)

‰JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
U.S. TRUST COMPANY, N.A.

**DEFENDANTS**
KARL P. FAGANS and GARY BECK

**(b)** County of Residence of First Listed Plaintiff **Suffolk**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Beaufort County, North Carolina**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Joseph F. Hardcastle, Cintra S. Shober
Hardcastle & Shober, 141 Tremont Street, Boston, MA 02111 (617) 423-9990

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☒ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 U.S.C. § 1132(a)(3)
Brief description of cause:
Recovery of overpayment of retirement plan benefits.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 105,639.06
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): None.
JUDGE
DOCKET NUMBER

DATE 1/03/05
SIGNATURE OF ATTORNEY OF RECORD
Joseph F. Hardcastle, Cintra S. Shober

**FOR OFFICE USE ONLY**
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE