UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. TRUST COMPANY, N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc Employees' MDT Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>Defendants. | Civil Action<br>No. 05CV10013-WGY |

## AFFIDAVIT OF JENNIFER SPARROW

I, Jennifer Sparrow, hereby depose and state as follows:

1.  I formerly was employed by Arthur D. Little, Inc. ("Arthur D. Little" or the "Company") in its benefits office and was retained by plaintiff U.S. Trust Company, N.A. ("U.S. Trust") to assist in administration of the Arthur D. Little, Inc. Employees' MDT Retirement Plan (the "Plan") after Arthur D. Little filed for bankruptcy protection and U.S. Trust was appointed the Trustee and Plan Administrator of the Plan. I am personally familiar with the administration of the Plan and the details of the overpayments made by the Plan to defendants Karl P. Fagans ("Fagans") and Gary Beck ("Beck") that are the subject of this litigation.

2.  The Plan is an ERISA governed defined contribution, profit-sharing retirement plan established by Arthur D. Little. Employees of Arthur D. Little became eligible to participate in the Plan upon attainment of age 21 and completion of one year of service with the company. The Memorial Drive Trust ("MDT") holds the assets of the Plan. Plan participants or members were entitled to receive vested benefits in the form of a lump-sum distribution ("Lump Sum Payments"), periodic installment payments ("Periodic Payments"), an annuity, or a

combination of all three upon the normal retirement age of 65 or if they have reached age 55 and are no longer employed by the company.

3. In 2002, Arthur D. Little filed for protection under Chapter 11 of the United States Bankruptcy Code and the United States Bankruptcy Court for the District of Massachusetts subsequently confirmed a plan of liquidation of the Company.

4. On or about May 10, 2002, U.S. Trust was appointed the successor to the prior trustees of MDT. Effective on or about July 8, 2002, U.S. Trust was appointed Plan Administrator and in that capacity assumed responsibility for the custody, investment and operation of the Plan and MDT.

5. In its capacity as Trustee and Plan Administrator, U.S. Trust discovered that prior to its appointment, excess benefit distributions were made to a number of Plan participants, including Fagans and Beck.

6. Neither Fagans nor Beck is an infant nor, on information and belief, is either defendant incompetent or in the military. Fagans and Beck are retired former employees of Arthur D. Little.

7. Fagans received excess distributions in the total amount of $43,434.32.

8. Beck received excess distributions in the total amount of $62,204.74.

9. As a general matter, the overpayments to plan participants resulted because distributions were made based on prior periodic valuations of plan assets and did not reflect the current, *i.e.*, time of distribution, value of the participant's account. In the case of Beck, he received in January 2002 a Lump Sum Payment of $155,423.93 that did not include substantial 2001 investment losses that had not yet been posted to his account and thus constituted an overpayment of $62,204.74.

10. In Fagan's case, the overpayment resulted from the inadvertent payment of two $25,000.00 Periodic Payments in July 2001 and January 2002 that should never have been made because Fagans had received Lump Sum Payments in 2001 for most of the value of his account (leaving a balance of only $6,565.68). He therefore should not have received the two additional Periodic Payments, but only the $6,565.68 remaining in his account after the Lump Sum Payments.

11. Upon learning of the overpayments to a number of plan participants, U.S. Trust made written demand for reimbursement from all participants who received the overpayments. Only Beck and Fagans have failed and refused to remedy the overpayments by returning distributions that rightfully belong to the Plan and other participants.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO 28 U.S.C. § 1746 THAT THE FOREGOING IS TRUE AND CORRECT. SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 28th DAY OF JUNE, 2006.

*Jennifer Sparrow*
Jennifer Sparrow