UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES TRUST CO., N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc. Employees' MDT Retirement Plan,<br><br>Plaintiff,<br><br>v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>Defendant. | CIVIL ACTION<br>No:   05cv10013-WGY |

**DEFENDANT KARL P. FAGANS'S OPPOSITION TO PLAINTIFF'S MOTION
FOR ENTRY OF DEFAULT JUDGMENT AND HIS
<u>CROSS-MOTION FOR REMOVAL OF DEFAULT</u>**

Defendant Karl P. Fagans ("Mr. Fagans") hereby opposes the Motion for Entry of Default Judgment submitted in this case by Plaintiff United States Trust Co., N.A. ("US Trust").[1]  Additionally, pursuant to Fed. R Civ. P. 55(c), Mr. Fagans hereby cross-moves for Removal of Default.  In support of his Opposition and Cross-Motion, Mr. Fagans relies upon and incorporates herein his Affidavit and his Memorandum of Fact and Law, both of which are filed herewith.  In summary, Mr. Fagans states that US Trust's Motion

---

[1]   Mr. Fagans, a resident of North Carolina, has asserted a lack of personal jurisdiction as an affirmative defense in his Answer and Jury Demand.  He now appears specially for the purposes of seeking removal of the default against him and opposing US Trust's Motion for Entry of Default Judgment.  Mr. Fagans asserts that his appearance for this purpose does not constitute a general appearance and does not subject him to the jurisdiction of the Court.

should be <u>denied</u> and the default entered against him should be removed for the following reasons:

    1.    Mr. Fagans's failure to file a timely answer was not purposeful and he has attempted to participate in the litigation.  Mr. Fagans cooperated with counsel for US Trust by waiving service of process.  Mr. Fagans then filed a letter with the Court stating that he could not afford to hire counsel, requesting information about the proper form for an Answer, and setting forth facts that he thought were relevant.

    2.    Although Mr. Fagans's mailing address was readily available to counsel for US Trust (he served a copy of his letter to the Court on US Trust's counsel and the letter is available on-line) and counsel had previously sent a Request for Waiver of Service to him, counsel did not serve its Application for Entry of Default on Mr. Fagans.

    3.    As soon as Mr. Fagans's new counsel, hired in March 2006, learned that default had been entered, they worked quickly to cure the default by filing an Appearance and Answer.

    4.    US Trust, itself, delayed in bringing this action and attempting to prosecute it, and has not been prejudiced in any way by Mr. Fagans's delay in answering.

    5.    Mr. Fagans has excellent defenses in this case.  Specifically, the Complaint is subject to outright dismissal because:  (i) it does not state a claim under ERISA in accordance with current U.S. Supreme Court case law; (ii) it does not state a federal common law claim; and (iii) to the extent that it states a state common law claim, the amount-in-controversy required for diversity jurisdiction has not been met. Additionally, Mr. Fagans disputes the instant claim on a factual basis and asserts that he was not "overpaid" any retirement funds as asserted.

WHEREFORE, for the reasons stated herein and in the accompanying Memorandum and Affidavit, Mr. Fagans respectfully requests that this Court: (i) <u>deny</u> US Trust's Motion for Entry of Judgment; (ii) <u>allow</u> Mr. Fagans's Cross-Motion for Removal of Default; and/or (iii) take any other or further action that the Court deems just and proper.[2]

## MR. FAGANS REQUESTS A HEARING ON US TRUST'S MOTION FOR DEFAULT JUDGMENT AND ON HIS CROSS-MOTION FOR REMOVAL OF DEFAULT.

KARL P. FAGANS

By his attorneys,

*/s/ Andrea Peraner-Sweet*
Andrea Peraner-Sweet (BBO # 550515)
Jennifer E. Greaney (BBO # 643337)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
617-542-5542

Dated:  July 12, 2006

---

[2] Mr. Fagans's counsel have already filed an Answer in an attempt to cure the default as quickly as possible and because counsel for US Trust represented that this procedural move was agreeable to him and would "moot" the default proceedings. To the extent leave of the Court is necessary to properly file the Answer, Mr. Fagans respectfully requests that the instant Motion be considered a Motion for Leave to File Late and that the Court retroactively grant such leave.

3

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on July 12, 2006.

                                                     /s/ *Andrea Peraner-Sweet*
                                                     Andrea Peraner-Sweet