UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES TRUST CO., N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc. Employees' MDT Retirement Plan,<br><br>    Plaintiff,<br><br>v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>    Defendant. | CIVIL ACTION<br>No:   05cv10013-WGY |

## AFFIDAVIT OF KARL P. FAGANS

I, Karl P. Fagans, hereby depose and say as follows:

1. In 1999, after a twenty-seven year career with Arthur D. Little ("ADL"), I retired. Currently, I am a permanent resident of North Carolina, residing in Chocowinity. I also have a home in Martha's Vineyard where I have spent a few weeks during each of the last several years.

2. During my employment with ADL, I participated in its retirement plan, the Arthur D. Little, Inc. Employees' MDT Retirement Plan ("the "Plan").

3. At the time of my retirement from ADL, I rolled a substantial portion of my retirement fund with the Plan into an Individual Retirement Account. I elected to receive the balance of my Plan funds in bi-annual installments. As of June 30, 2002, my retirement fund with the Plan had been exhausted and showed a balance of $0.00. I have not received any payments from the Plan since June 2002.

4. In or about July 2002, I received a letter from United States Trust Co., N.A. ("US Trust"), claiming that I had received an excess distribution from the Plan in the amount of $18,434.32. In response to this letter, I wrote to US Trust in October 2002 seeking an explanation. I requested that the relevant Plan documents as well as certified financial statements concerning the plan value and the value of my accounts be provided. I did not receive any response to my letter.

5. In or about May 2004, I received a letter from the law firm Palmer & Dodge, LLP, representing US Trust, demanding payment of $18,434.32 and claiming that I had engaged in the "willful and wrongful conversion of funds." I then wrote to Palmer & Dodge, enclosing copies of my 2002 letters to US Trust, and inquiring when I would receive the information requested. There was additional correspondence between my then-attorney and US Trust's counsel.

6. I understand that on or about January 4, 2005, US Trust initiated this lawsuit. The lawsuit now seeks $43,434.32 in alleged overpayments. In February 2005, I received correspondence from US Trust's current counsel enclosing a Request for Waiver of Service of Summons. I signed the document on or about March 3, 2005 and returned it to US Trust's counsel.

7. On or about August 9, 2005, I sent a letter to the Clerk of this Court, apologizing for the delay in filing an Answer. I advised the Court that I could not afford to hire counsel at this time, sought information about how to file an Answer and stated the facts I thought relevant to this situation.

-3-

8.  I heard nothing further from either the Court or US Trust's counsel until June 23, 2006, when I received the Court's Notice of Default. At that time, I immediately faxed it to my counsel, whom I had retained in March 2006. I was never served with US Trust's Application For Entry of Default.

9.  The funds that I received from the Plan were deposited in my personal checking account and were not segregated in any way. As indicated previously, the last payment I received from the fund was in June 2002. Those funds have long-since been expended.

Signed under the pains and penalties of perjury this 12th day of July 2006.

*/s/Karl P. Fagans*
Karl P. Fagans