UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES TRUST CO., N.A.,<br>in its capacity as Plan Administrator and<br>Trustee of the Arthur D. Little, Inc.<br>Employees' MDT Retirement Plan,<br><br>    Plaintiff,<br><br>v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>    Defendants. | CIVIL ACTION<br>No: 05cv10013-WGY |

## **ANSWER AND JURY DEMAND OF DEFENDANT KARL P. FAGANS**

Now comes the Defendant, Karl P. Fagans ("Fagans"), and responds to the Complaint of Plaintiff U.S. Trust Company, N.A. in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc. Employees' MDT Retirement Plan ("Plaintiff") in numbered paragraphs corresponding to the numbered paragraphs of Plaintiff's Complaint:

### Introduction.

1. The first sentence of Paragraph 1 sets forth an introduction and description of this matter to which no response is necessary. To the extent that a response is deemed necessary, Fagans denies any and all allegations contained in the first sentence of Paragraph 1. Fagans denies all allegations contained in the remaining sentences of Paragraph 1, with the exception that Fagans admits that Plaintiff has made demand on

him for repayment of certain funds paid to him, and that he has not complied with such demands. In further answering, Fagans expressly denies that payments made to him by Plaintiff constitute "overpayments" and expressly denies that he is obligated to make any repayment of such funds.

**Jurisdiction and Venue.**

2.      Paragraph 2 of the Complaint sets forth a legal contention regarding subject matter jurisdiction to which no response is necessary. To the extent that a response is deemed necessary, Fagans denies any and all allegations set forth in Paragraph 2 of the Complaint.

3.      The first sentence of Paragraph 3 of the Complaint sets forth a legal contention regarding personal jurisdiction to which no response is necessary. To the extent that a response is deemed necessary, Fagans denies the allegation concerning personal jurisdiction. In further answering, Fagans states that he is without knowledge or information sufficient to form a belief as to the truth of all remaining allegations contained in Paragraph 3 of the Complaint, and therefore denies same. Fagans further states that the Arthur D. Little, Inc. Employees' MDT Retirement Plan (the "Plan") is comprised of a document, or documents, that speak(s) for itself (themselves) (the "Plan Document").

4.      Paragraph 4 of the Complaint sets forth a legal contention regarding propriety of venue in this Court to which no response is necessary. To the extent that a response is deemed necessary, Fagans denies any and all allegations set forth in Paragraph 4 of the Complaint.

**The Parties.**

5.     Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.     Fagans admits that he is an individual who is currently living in Chocowinity, North Carolina.  Fagans admits that he is a former employee of Arthur D. Little and that he is/was a participant in the Plan who received benefits under the Plan.  Fagans denies that he has received overpayments under the Plan.

7.     Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint, and therefore denies same.  Further answering, Fagans states that the Plaintiff has improperly joined him and Defendant Gary Beck ("Beck") together in this action.

**Factual Allegations.**

8.     Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore denies same.  Further answering, Fagans says that the Plan Document speaks for itself.

9.     Fagans admits the allegations contained in the first sentence of Paragraph 9 of the Complaint.  Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 9 of the Complaint, and therefore denies same.

10.     Fagans is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Complaint, and therefore denies same.

11.     Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint concerning

Plaintiff's purported discovery that excess benefit distributions have been made to "a number" of Plan participants, including Beck, and therefore denies same. Fagans, however, expressly denies that excess benefit distributions have been made to him.

12. Fagans denies the allegations contained in Paragraph 12 of the Complaint.

13. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore denies same.

14. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore denies same. Fagans expressly denies that he has received excess benefit distributions.

15. Fagans denies the allegations contained in Paragraph 15 of the Complaint.

16. Fagans denies that he has received excess benefits distributions and, accordingly, admits that he has not returned any benefits distribution. Fagans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 of the Complaint, and therefore denies same.

**COUNT I**
**(For Recovery of Plan Overpayments Pursuant to 29 U.S.C. §1132(a)(3))**

17. Fagans incorporates by reference as if fully restated herein his responses to Paragraphs 1-16 above.

18. Fagans denies the allegations contained in Paragraph 18 of the Complaint concerning alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 concerning Beck, and therefore denies same.

19. Fagans denies the allegations contained in Paragraph 19 of the Complaint concerning alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 19 concerning Beck, and therefore denies same.

20. Paragraph 20 of the Complaint sets forth a conclusion of law to which no responsive pleading is necessary. To the extent that a response is deemed necessary, Fagans denies the allegations contained in Paragraph 20 of the Complaint that concern alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 concerning Beck, and therefore denies same.

### COUNT II
### (Common Law Restitution)

21. Fagans incorporates by reference as if fully restated herein his responses to Paragraphs 1-20 above.

22. Fagans denies the allegations contained in Paragraph 22 of the Complaint concerning alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 concerning Beck, and therefore denies same.

23. Fagans denies the allegations contained in Paragraph 23 of the Complaint concerning alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 concerning Beck, and therefore denies same.

24. Paragraph 24 sets forth a conclusion of law to which no responsive pleading is necessary. To the extent that a response is deemed necessary, Fagans denies

the allegations contained in Paragraph 24 of the Complaint that concern alleged overpayments to him. Fagans is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 concerning Beck, and therefore denies same.

**Prayer for Relief.**

The Section of the Complaint labeled "Prayer for Relief" merely sets forth the Plaintiff's request for relief and does not contain factual allegations to which a response is required. To the extent that a response is deemed necessary, Fagans denies that Plaintiff is entitled to any relief from him in this matter.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint must be dismissed because each count thereof fails to state a claim upon which relief can be granted.

SECOND AFFFIRMATIVE DEFENSE

The Complaint must be dismissed because this Court lacks subject matter jurisdiction over the claims stated therein.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of laches, unclean hands, estoppel, waiver, and/or release.

FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise time-barred.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by Plaintiff's own breach of contract.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by provisions of the Plan Document.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are legal, and not equitable, in nature, and thus relief is not available to Plaintiff under the Employee Retirement Income Security Act.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint must be dismissed because this Court lacks personal jurisdiction over Defendant Karl P. Fagans.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of federal preemption.

### TENTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff asserts state law claims, Plaintiff's claims are barred because there is an insufficient amount in controversy.

WHEREFORE, Defendant Karl P. Fagans requests that this Court: (i) enter judgment in favor of him on all counts against him; (ii) award him his costs and

attorneys' fees; and (iii) take any other or further action that the Court deems just and proper.

**DEFENDANT KARL P. FAGANS REQUESTS A TRIAL BY JURY ON ALL COUNTS OF THE COMPLAINT THAT ARE SO TRIABLE**

KARL P. FAGANS,

By his attorneys,

/s/ Jennifer E. Greaney
Andrea Peraner-Sweet (BBO # 550515)
Jennifer E. Greaney (BBO # 643337)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
617-542-5542

Dated: July 31, 2006

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants, if any, on July 31, 2006.

/s/ Jennifer E. Greaney
Jennifer E. Greaney