UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. TRUST COMPANY, N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc Employees' MDT Retirement Plan,<br><br>                          Plaintiff,<br><br>    v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>                          Defendants. | Civil Action<br>No. 05-CV-10013 (WGY) |

## PLAINTIFF'S RENEWED MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANT BECK

Pursuant to Fed. R. Civ. P. 55(b)(1), plaintiff U.S. Trust Company, N.A. ("U.S. Trust") hereby renews its previously filed motion seeking entry of Default Judgment against defendant Gary Beck ("Beck") and submits the proposed Form of Default Judgment accompanying this motion. Beck and co-defendant Karl P. Fagans ("Fagans") previously were defaulted in this action, but U.S. Trust's subsequent motion for entry of default judgment against the two defendants was denied after Fagans appeared in the action and opposed entry of default judgment based on his stated intention to defend the claims against him. Beck has neither appeared in this action nor taken any steps to defend the claims asserted against him. U.S. Trust now has settled with, and dismissed its claims against, Fagans and seeks entry of a default judgment against Beck. In support of this motion, U.S. Trust relies on the previously filed affidavits of Jennifer Sparrow (Docket Entry 14) and Joseph F. Hardcastle (Docket Entry 15), submits the accompanying proposed Form Default Judgment, and further states:

    1.    In accordance with Fed. R. Civ. P. 55 (a), on June 19, 2006 the clerk entered the default of Beck and Fagans (Docket Entry 8).

2. On June 28, 2006, U.S. Trust moved for entry of default judgment against Beck and Fagans (Docket Entry 12).

3. On June 30, 2006, the Court Ordered default judgment to be entered in favor of U.S. Trust, but then vacated the default judgment as it was entered before the 14 day period for opposition to entry of the judgment (Docket Entry 16).

4. In July 2006, Fagans filed an appearance and moved to set aside the default (Docket Entries 17, 18).

5. On July 14, 2006, the Court issued an Order denying the Motion for Default Judgment, removing the default, and directing that "Fagans Shall Answer of Otherwise Respond Within 20 Days of the Date of This Order."

6. Beck has not appeared in this action and has never moved to set aside the default entered against him. Although the Court previously denied U.S. Trust's Motion for Default Judgment, which sought entry against both defendants, based on Fagans' appearance and stated intention to defend the action, U.S. Trust remains entitled to a Default Judgment against Beck based on Beck's failure to appear and defend in this action.

7. U.S. Trust and Fagans have reached a settlement of the claims asserted against Fagans in this action and have filed a Stipulation of Dismissal of the claims asserted against Fagans.

8. In light of the dismissal of the claims asserted against Fagans, entry of a Default Judgment against Beck will constitute final judgment in the matter and the case may be closed following entry of such judgment.

9. U.S. Trust's claims against Beck are for sums certain as restitution for inadvertent excess distributions of retirement benefits made to him.

10. As set forth in the affidavit of Jennifer Sparrow, Beck received excess distributions in the total amount of $62,204.74.

11. As set forth in the affidavit of Joseph F. Hardcastle, the taxable costs incurred to date by U.S. Trust in this action are limited to the Complaint filing fee paid to the Court in the amount of $150.00.

WHEREFORE, U.S. Trust requests that Default Judgment be issued against Beck in the principal amount of $62,204.74, with costs in the amount of $150.00.

HARDCASTLE & SHOBER

/s/ Joseph F. Hardcastle
Joseph F. Hardcastle (BBO #559479)
50 Congress Street, Suite 314
Boston, MA 02109
(617) 248-2240
jfh@hardcastleshober.com

April 30, 2007

Certificate of Service

I hereby certify that this document and the accompanying affidavits and Form of Default Judgment have been filed through the ECF system, which will send notification of such filing to the attorneys of record in this matter for defendant Fagans and that paper copies of the document have been mailed by first class mail to defendant Beck.

/s/ Joseph F. Hardcastle
Joseph F. Hardcastle (BBO #559479)
50 Congress Street, Suite 314
Boston, MA 02109
(617) 248-2240
jfh@hardcastleshober.com

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| U.S. TRUST COMPANY, N.A., in its capacity as Plan Administrator and Trustee of the Arthur D. Little, Inc Employees' MDT Retirement Plan,<br><br>       Plaintiff,<br><br> v.<br><br>KARL P. FAGANS, and GARY BECK,<br><br>       Defendants. | Civil Action<br>No. 05CV10013-WGY |

**FORM OF DEFAULT JUDGMENT**

  Defendant Gary Beck having failed to plead or otherwise defend in this action in a timely manner and his default having been entered,

  Now, upon application of plaintiff and affidavits demonstrating that (i) defendant Gary Beck owes the plaintiff the sum of $62,204.74; (ii) defendant Gary Beck is not an infant or incompetent person or in the military service; and (iii) plaintiff has incurred costs in the sum of $150.00:

  It is hereby ORDERED, ADJUDGED AND DECREED that:

  1.  Plaintiff recover from defendant Gary Beck the principal amount of $62,204.74; and

  2.  Plaintiff recover from defendant Gary Beck its costs in the amount of $150.00.

                    By the Court,

                    _____
                    Deputy Clerk